ORIGINAL

REISSUED FOR PUBLICATION
NOV 27 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
Filed: October 31, 2017

FILED
OCT 31 2017
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED | |
| A.M., a Minor, by Parents and Natural Guardians: SEAN MILLER and APRIL MILLER, | | |
| Petitioners, | No. 16-883V | |
| v. | Chief Special Master Dorsey | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Autism Spectrum Disorder ("ASD"); Skin Rashes; Hepatitis; Haemophilus Influenza Type B ("Hib"); Prevnar; No Reasonable Basis. | |
| Respondent. | | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Mr. Sean and Mrs. April Miller, *pro se*.
Ms. Ann Martin, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION DISMISSING PETITION[1]

### I. Introduction

On July 25, 2016, Mr. Sean and Mrs. April Miller ("petitioners") filed a petition on behalf of their minor daughter, A.M., pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioners allege that A.M. suffered skin rashes and autism spectrum disorder ("ASD") as a result of vaccinations she received on June 18, 2014,[2] and August 21, 2014. Petition at 1. Petitioners filed medical records as Exhibits 1-9 with their petition.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] Respondent correctly notes in his Rule 4(c) Report that the immunization record is slightly inconsistent with the other medical records. The immunization record reflects that A.M.

## II.     Factual and Procedural History

The initial status conference was held on August 25, 2016. During the status conference, petitioners were encouraged to find an attorney to represent them in their case and were ordered to file additional medical records in support of their claim. Order dated August 29, 2016 (ECF No. 7). Petitioners filed additional medical records on September 29, 2016.[3] Petitioners were unable to find an attorney to represent them, and respondent was ordered to file a Rule 4(c) Report, which he did on January 26, 2017. On February 23, 2017, petitioners filed a memorandum of objections in response to respondent's report.

A Rule 5 conference was held on February 23, 2017, during which the undersigned reviewed respondent's Rule 4(c) Report, petitioners' memorandum of objections to respondent's Rule 4(c) Report, and shared her preliminary findings. She advised that there does not appear to be a reasonable basis to proceed with the case, and an Order to Show Cause was issued. The Order to Show Cause allowed petitioners until April 28, 2017, to file an expert report in their case. Order to Show Cause dated Feb. 27, 2017 (ECF No. 15).

On March 27, 2017, petitioners requested an extension until October 2017 to file an expert report, in compliance with the undersigned's February 27, 2017 Order to Show Cause. Petitioners stated that they inquired at several clinics and hospitals near their home in hopes of retaining an expert. When these attempts proved unsuccessful, petitioners set up an appointment for A.M. at Children's Hospital in Omaha, Nebraska. Another status conference was held on April 6, 2017, to discuss petitioners' motion for extension. The undersigned granted petitioners' motion and ordered them to file a status report by Friday, October 20, 2017, updating the Court as to the diagnosis and testing results from A.M.'s medical appointment at the Children's Hospital in Omaha.

On September 5, 2017, petitioners filed a status report containing information regarding A.M.'s appointments at the Children's Hospital of Omaha during the summer of 2017. Petitioners stated that during A.M.'s appointment at the Children's Hospital in Omaha on July 14, 2017, she underwent medical testing. Petitioner filed documentation of this visit as Exhibit A. On July 31, 2017, A.M. underwent an MRI of the brain, and petitioners filed her MRI results as Exhibit B. Petitioners stated that A.M. was diagnosed with gliosis and seizure-like activity on August 1, 2017. Petitioners also filed documentation from the vaccine manufacturers Glaxo Smith Cline and Merck regarding the ingredients in the DTaP, MMR, and Varicella vaccinations.

On September 18, 2017, petitioners were ordered to file any additional medical records from A.M.'s appointments at the Children's Hospital of Omaha and any other evidence they

---

received the Hepatitis A, Hib, and Prevnar vaccinations on June 27, 2014, rather than June 18, 2014. Compare Petition with Pet'rs' Ex. 2.

3 These records were marked "Supplemental Attachments" and are referenced herein as "Pet'rs' Supp. Att.".

wished for the undersigned to consider. Petitioners filed a status report on October 6, 2017, to which they attached progress notes from Ms. Jairren Flodine, A.M.'s social worker, Dr. Howard Needleman, M.D., Dr. Lynne Clure, Ph.D., and Dr. Lois Starr. The progress notes again confirmed that A.M. meets the criteria for ASD and also notes that the clinicians "feel there is a strong possibility that [A.M.'s ASD] is associated with another medical/genetic condition." Pet. Ex. F at 5, 7.

A status conference was held on October 27, 2017, wherein the undersigned discussed with the parties petitioners' recent filings. The undersigned stated that the additional records petitioners filed on September 5, 2017, and October 6, 2017, are consistent with her earlier findings of fact that A.M.'s condition is not the result of a vaccine-related injury. The first notation in the medical records of A.M.'s developmental delay occurred on May 12, 2015, when she failed a developmental screening performed by Dr. Niazi. Pet'rs' Supp. Att. 6 at 21. Over eight months passed between the time A.M.'s vaccinations and the first notation of her developmental delay, and thus a temporal association cannot be demonstrated.

Petitioners were given an opportunity during the October 27, 2017 status conference to ask questions and/or respond to the undersigned's comments. Petitioners pointed out that A.M. was diagnosed with gliosis on August 1, 2017. The undersigned explained that while medical records are informative of A.M.'s condition, they do not show evidence that she suffered a vaccine-related injury. Petitioners also pointed out their filings from Glaxo Smith Cline and Merck, which show that the vaccinations A.M. received were not recommended for children her age. While the undersigned sympathizes with petitioners, she explained that documentation of the manufacturers' recommendations still does not prove that the vaccinations that A.M. received caused the injuries that she suffers.

### III. Conclusion

Given A.M.'s medical history as discussed in both the medical records and respondent's Rule 4(c) Report, the undersigned agrees with respondent that A.M. has not alleged an injury on the Vaccine Injury Table, nor do the medical records support such a claim. Because petitioners cannot prove that A.M. suffered a Table injury,[4] they are required to demonstrate evidence of actual causation. In order to prevail in their case, petitioners must show by preponderant evidence that the vaccinations A.M. received on June 27, 2014, and August 21, 2014, caused her injuries, by providing: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005). Petitioners were ordered to file such an expert report by April 28, 2017, and the undersigned has allowed petitioners an additional six months to file the report. Because the medical records do not demonstrate a vaccine-related injury and petitioners have been unable to file an expert report,

---

[4] A Table injury is an injury listed on the Vaccine Injury Table. See 42 U.S.C. § 300aa-11(c)(1)(C); 42 C.F.R. § 100.3.

3

there is no reasonable basis to proceed and thus the case should be dismissed.

The undersigned extends her deepest sympathy to petitioners for the hardships that their family has faced and wishes them the best in the future. However, the undersigned cannot base her decision in the case on her sympathy for petitioners' family, but rather upon the evidence provided in the medical records.

Petitioners previously expressed a desire to pursue a civil action in their case. The undersigned has attached documentation, also available on the Court's website,[5] which contains information regarding an election to file a civil action.

In the absence of a timely filed motion for review pursuant to Appendix B to the Rules of the Court, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

Dated: 10·31·2017

Nora Beth Dorsey
Chief Special Master

---

[5] This information is also available on the Court's website at http://www.uscfc.uscourts.gov/sites/default/files/Guidance%20on%20Exiting%20the%20Vaccine%20Program.pdf.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4