ORIGINAL

REISSUED FOR PUBLICATION
MAR 12 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 15, 2018

| | | |
|---|---|---|
| * * * * * * * * * * | UNPUBLISHED | FILED |
| A.M., a Minor, by Parents and Natural Guardians: SEAN MILLER and APRIL MILLER, | * * * * | FEB 1 5 2018 |
| | No. 16-883V | U.S. COURT OF FEDERAL CLAIMS |
| Petitioners, | * * | |
| v. | * Chief Special Master Dorsey | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * Petitioners' Costs. Incurred Costs. Payment for MRI. | |
| Respondent. | * * | |
| * * * * * * * * * * | | |

Mr. Sean and Mrs. April Miller, *pro se*.
Ann Donohue Martin, U.S Department of Justice, Washington, D.C., for respondent.

### DECISION AWARDING COSTS[1]

On July 25, 2016, Sean and April Miller ("petitioners") filed a *pro se* petition for compensation in the National Vaccine Injury Compensation Program[2] ("the Program") on behalf of their minor child, A.M. Petitioners alleged that A.M. suffered skin rashes and Autism Spectrum Disorder ("ASD") as a result of multiple vaccinations she received on June 27, 2014,

---

1 This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)B, however, the parties may objection to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

2 The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

and August 21, 2014, respectively. Petition at Preamble.

On October 31, 2017, the undersigned issued a Decision dismissing petitioners' petition for failure to prosecute. Decision dated Oct. 31, 2017 (ECF No. 24). Judgment entered on December 7, 2017. (ECF No. 26).

On December 26, 2017, petitioners filed a Motion for Litigation Costs, wherein they requested a total of $5,848.31 in reimbursement for medical testing, medical records, copies, and legal work performed by Mr. Miller, a licensed paralegal. Petitioners' Application ("Pet. App.") dated December 26, 2017 (ECF No. 28).

On January 9, 2018, respondent filed a response to petitioners' motion for litigation costs. Respondent's Response ("Resp.") dated January 9, 2018 (ECF No. 29). Respondent deferred to the undersigned's discretion to determine the appropriate amount of petitioners' costs. Id. at 2. Respondent also argued that *pro se* litigants are not entitled to receive compensation for time spent performing legal work. Id. at 3 (citing Uscher v. Sec'y of Health & Human Servs., 15-798V, 2017 WL 837693, at *2 (Fed. Cl. Spec. Mstr. March 3, 2017)).

Petitioners filed a reply on January 22, 2018. Petitioners' Reply ("Pet. Reply") dated January 22, 2018 (ECF No. 30). Petitioners argue that Mr. Sean Miller holds a Bachelor of Science Degree in Paralegal Services from Kaplan University and was trained in legal research and writing. Id. at 1. Petitioners stated that they researched services of other attorneys to help them with their case but that the "fees range[d] from $100 [per] hour to 33% of the reward [plus] an additional $5,000 for retainer fees and administration costs." Id. Petitioners thus argue that Mr. Miller's fees are reasonable and should be paid in full, as he only charged $55.00 per hour for 16 hours of legal research, for a total of $4,400.00. Id. (citing Martinez v. Johary, 2010 WL 4056018 (M.D. Florida Oct. 15, 2010) (in an order awarding attorneys' fees and costs, plaintiff's paralegal was compensated at a rate of $100.00 per hour for work performed on a Fair Labor Standards Act case).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned awards petitioners a total of $1,448.31 in costs.

I.   **Relevant Procedural History**

The initial status conference was held in petitioners' case on August 25, 2016. Order dated August 29, 2016 (ECF No. 7). Petitioners filed additional medical records on September 29, 2016.[3] Respondent filed a Rule 4(c) Report on January 26, 2017.

During a status conference on February 23, 2017, the undersigned explained that petitioners would need to file an expert report. An Order to Show Cause was issued on

---

3 These records were marked "Supplemental Attachments" and are referenced herein as "Pet'rs' Supp. Att.".

2

February 27, 2017, and petitioners were given until April 28, 2017, to file an expert report in their case. Order to Show Cause dated Feb. 27, 2017 (ECF No. 15).

On March 27, 2017, petitioners requested an extension until October 2017 to file an expert report, in compliance with the undersigned's February 27, 2017 Order to Show Cause. Petitioners stated that they inquired at several clinics and hospitals near their home in hopes of retaining an expert. When these attempts proved unsuccessful, petitioners set up an appointment for A.M. at the Children's Hospital in Omaha, Nebraska ("Children's Hospital). During a status conference on April 6, 2017, the undersigned granted petitioners' motion and ordered them to file a status report by Friday, October 20, 2017, updating the Court as to the diagnosis and testing results from A.M.'s medical appointment at the Children's Hospital.

On September 5, 2017, petitioners filed a status report containing information regarding A.M.'s appointments at the Children's Hospital during the summer of 2017. Petitioners stated that at an appointment on July 14, 2017, she underwent medical testing. Petitioner filed documentation of this visit as Exhibit A. On July 31, 2017, A.M. underwent an MRI of the brain, and petitioners filed her MRI results as Exhibit B. Petitioners stated that A.M. was diagnosed with gliosis and seizure-like activity on August 1, 2017. On October 6, 2017, petitioners filed additional medical records from these visits, where the clinicians noted that "there is a strong possibility that [A.M.'s ASD] is associated with another medical/genetic condition." Pet. Status Report dated Oct. 6, 2017 (ECF No. 22), Ex. F at 5, 7.

## II. Discussion

### a. Costs for Mr. Miller's Paralegal Work

The Vaccine Act provides that a petitioner may be compensated for "(A) reasonable attorneys' fees and (B) other costs, *incurred* in any proceeding." §11(e)(1) (emphasis added). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., 09-293V, 2015 WL 5634323, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992)).

Past Vaccine Program cases have concluded that a cost is only "incurred" when the petitioner assumes a legal obligation. Kooi v. Sec'y of Health & Human Servs., 05-438V, 2007 WL 5161800, at *2 (Fed. Cl. Spec. Mstr. Nov. 21, 2007); see also Black v. Sec'y of Health & Human Servs., 90-3195V, 33 Fed. Cl. 546, 550 (1995) ("One incurs an expense, therefore, at the moment one becomes legally liable …"), aff'd, 93 F.3d 781 (Fed. Cir. 1996); Jessen v. Sec'y of Health & Human Servs., 1995 WL 561714 (Fed. Cl. 1995) (explaining that losing an opportunity to earn money is not incurring an expense). This legal obligation arises most frequently when the petitioner hires another person, such as a lawyer or medical expert, to work on the case. Kooi, 2007 WL 5161800, at *2 (stating that "in the context of attorneys' fees, a legal obligation can be established through an attorney-client relationship").

Petitioners argue that Mr. Miller should be compensated for his paralegal work at a rate of

3

$55.00 per hour, because this rate is cheaper than the rates of other attorneys and paralegals whom petitioners contacted to represent them in their case. Pet. Reply at 1. While it may be true that Mr. Miller's rate of $55.00 per hour is lower than the rates of other paralegals who practice in the Vaccine Program, Mr. Miller is not entitled to receive compensation for work performed on his own case, because a special master can only reimburse petitioners for reasonable expenses "incurred" in the prosecution of their claim.

Petitioners are not legally obligated to personally devote time and money towards pursuing a claim. Instead, petitioners' actions reflect a personal desire to help their child. While this behavior is admirable, it is not legally compensable. For this reason, the Vaccine Program consistently denies' petitioners requests to be compensated for their own work, time, and lost wages. For example, in Karbusheva v. Sec'y of Health & Human Servs., 13-040V, 2016 WL 3022101 (Fed. Cl. Spec. Mstr. Feb. 26, 2016), the undersigned ruled that a *pro se* petitioner could not be reimbursed for her own "time spent on the matter." In Kooi, then Chief-Special Master Golkiewicz refused to reimburse the petitioner's husband, a lawyer, for the time he spent researching the Vaccine Program, identifying an experienced attorney to appear in the case, and working on the petition. 2007 WL 5161800. And in Riley v. Sec'y of Health & Human SErvs., 90-466V, 1992 WL 892300 (Fed. Cl. Spec. Mstr. March 26, 1992), the special master did not reimburse a father for the time spent pursuing a vaccine injury claim on behalf of his son.

Similarly, in this case, petitioners cannot be reimbursed for the paralegal work that Mr. Miller performed. Like the petitioners in Karbusheva, Kooi, and Riley, he was personally invested in the case but was not legally obligated to spend his time on it. Therefore, petitioners did not "incur" the costs of his paralegal work. **Thus, the undersigned reduces petitioners' costs application by $4,400.00.**

### b. Costs for A.M.'s Medical Testing

Petitioners request a total of $1,443.51 in costs for "medical testing," including an MRI and anesthesia. Pet. App. at 1. In support of this request, petitioners filed a statement from Children's Hospital and Medical Center in Omaha, Nebraska, stating that their patient account held a balance of $1,443.51. Pet. App. at 3. Petitioners did not provide any other documentation showing the actual cost of these services.

The visit to Omaha Children's Hospital and A.M.'s MRI confirmed her diagnosis of ASD, which was relevant evidence that was important in the undersigned's dismissal of the case. Because the undersigned characterizes the MRI expenses as being incurred for the purposes of resolving the causation issues in this case, she will reimburse petitioners for the $1,443.51 they incurred for A.M.'s MRI.

### c. Other Costs

Petitioners further request $4.80 in reimbursement for medical record fees and copies. Pet. App. at 1. The undersigned finds this request reasonable and will reimburse it in full.

4

### III. Conclusion

Accordingly, the undersigned awards:

**A lump sum in the amount of $1,448.31, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners, Mr. Sean and Mrs. April Miller.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.4

**IT IS SO ORDERED.**

Dated: 2·15·2018

Nora Beth Dorsey
Chief Special Master

---

4 Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.